UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

J.D. EDWARDS & COMPANY,  )
    Plaintiff;  )
  )
-vs.-  )
  )    No. CV-99-P-1638-S
WITTICHEN SUPPLY COMPANY  )
    Defendant.  )

FILED 99 OCT 21 AM 10: 18 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED OCT 21 1999

## OPINION

Two motions are pending before the court in this action: third-party CD Group, Inc.'s June 25, 1999 Motion to Intervene and defendant Wittichen Supply Company's July 14, 1999 Motion to Dismiss. The court heard oral argument on both of these motions at its October 1, 1999 motion docket. After careful consideration, the court finds that both motions are due to be denied.

### Facts[1]

In the fall of 1995, salespeople from CD Group met with representatives of Wittichen Supply Company ("Wittichen"). The two companies entered into two agreements whereby CD Group was to provide Wittichen with computer hardware, software and support services.[2] J.D. Edwards & Company ("JDE"), the plaintiff in this action, created the software system to be used by Wittichen and on October 25, 1995, JDE licensed Wittichen to use the software pursuant to

---

[1] The recitation of facts is presented in the light most favorable to the non-moving party.

[2] CD Group and Wittichen executed a Consulting Service Agreement and a Third Party Products Sales Agreement on September 5, 1999.

1

a Software Licensing Agreement ("SLA"). The SLA contained an arbitration clause providing that the parties would submit disputes that arise out of the agreement to binding arbitration.[3]

In 1998 a dispute arose between the parties regarding whether JDE and/ or CD Group misrepresented to Wittichen that the licensed software was year 2000 compliant. According to JDE and CD Group, Wittichen threatened to file a lawsuit against both parties alleging fraudulent misrepresentation. Before Wittichen filed a lawsuit against either, JDE filed suit against Wittichen in this court on June 24, 1999, seeking a declaratory judgment that the arbitration agreement in the SLA compels the defendant to arbitrate the current dispute with JDE.[4]

## Analysis

### I. CD Group's Motion to Intervene

CD Group argues that it should be permitted to intervene in this action because its dispute with Wittichen is closely intertwined with the related dispute between JDE and Wittichen. CD Group asks this court to order arbitration between the three parties regarding the software licensed from JDE and implemented by Wittichen.

The right to order arbitration arises from an agreement between parties to submit their disputes to arbitration. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Despite the lack of an agreement to arbitrate between CD Group and the

---

[3]Section 10 of the SLA provided that disputes involving the agreement would be determined under the laws of the state of Colorado, and would be submitted to a panel of three arbitrators for final, binding arbitration.

[4]Ala. Code § 8-1-141 (3) states that an agreement to arbitrate future disputes cannot be specifically enforced. In its complaint, JDE asks that this court find that the Federal Arbitration Act preempts the Alabama statute and requires the parties to arbitrate this dispute pursuant to the terms of the SLA.

2

defendant, CD Group argues that Wittichen should be equitably estopped from refusing to include CD Group in any arbitration between JDE and Wittichen.

CD Group contends that the Eleventh Circuit's decision in <u>McBro Planning and Development Co. v. Triangle Electrical Construction Co.</u>, 741 F.2d 342 (11th Cir. 1984), should guide the court here. In <u>McBro</u>, a contractor and a construction manager hired by a hospital to perform renovation work had separately entered into written arbitration agreements with the hospital. The circuit court affirmed the district court's decision to require the contractor and the manager to arbitrate a dispute between them despite the fact that the parties did not have a written contract with each other, holding that the lack of a written agreement to arbitrate is not a bar to arbitration. <u>See id</u>. at 344.

Unlike the facts in <u>McBro</u>, where each party had signed a contract containing an arbitration clause, yet had no contract directly between them, CD Group executed two separate agreements with Wittichen– the Consulting Service Agreement and the Third-Party Products Sales Agreement– regarding the services it would provide to its client. Neither of these two agreements, both executed approximately six weeks before the SLA, included an arbitration provision. Despite CD Group's contention that all three of the parties worked closely together to coordinate the implementation and use of the software, CD Group was not a party to the SLA and therefore cannot invoke its arbitration provision against Wittichen.

II. <u>Wittichen's Motion to Dismiss</u>

Wittichen moves to dismiss this declaratory judgment action on several grounds. First, the defendant argues that no justiciable controversy yet exists between the parties.

The purpose of the Declaratory Judgment Act is to determine the legal rights of parties to a genuine controversy. See 28 U.S.C.A. § 2201 (West 1994). The Act contemplates that a party, threatened with litigation at some undetermined time in the future, will seek a determination of its rights rather than wait for the other party to bring a lawsuit. See Superior Oil Co. v. Pioneer Co., 706 F.2d 603, 607 (5th Cir. 1983) (noting that the Declaratory Judgment Act "enables a party to bring a federal action corresponding to the one that the opposing party might have brought"); Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir. 1987) (stating that "the declaratory judgment device allows a party 'to bootstrap its way into federal court'") (citing Superior Oil, 706 F.2d at 607), *abrogated on other grounds by* King v. St. Vincent's Hosp., 502 U.S. 215 (1991); Nucor Corp. v. Aceros Y Maquilas de Occidente. S.A. de C.V., 28 F.3d 572, 578-79 (7th Cir. 1994) (finding that a declaratory judgment action brought in anticipation of a threatened lawsuit involved a justiciable controversy).

In this case, a legal controversy exists as to whether JDE can compel Wittichen to arbitrate pursuant to the SLA. It is not necessary for JDE to wait for Wittichen to file a lawsuit in order to determine its legal rights under the arbitration provision. JDE has presented a justiciable controversy for this court to adjudicate.

Second, Wittichen claims that three employees of CD Group are indispensable to the action and have not been joined under Fed. R. Civ. P. 19. Wittichen argues that this suit should be dismissed because the necessary joinder of these employees would destroy diversity. Rule 19 permits a court to order the joinder of additional parties when joinder of the party "will not deprive the court of jurisdiction over the subject matter of the action." Joining the CD Group employees would deprive this court of jurisdiction pursuant to 28 U.S.C. § 1332. In a case where

4

joinder of indispensable parties would destroy diversity, the court is permitted to dismiss the action under Rule 19(b).

CD Group and its employees, however, are not indispensible to the instant action. The plaintiff, JDE, has sued regarding a provision of its contract with Wittichen. CD Group and its employees were not a parties to that contract. The dispute in this case currently exists between JDE and Wittichen. The possible additional liability of CD Group and three of its employees is not grounds for a dismissal.

Third, Wittichen argues that the plaintiff cannot maintain an action in an Alabama court because JDE has never obtained a certificate of authority to do business in Alabama.[5] Alabama's door-closing statute, Ala. Code § 10-2B-15.02(a), provides that a corporation which transacts business in Alabama without first obtaining a certificate of authority from the state cannot avail itself of the protection of its courts.

This argument goes directly to the validity of the arbitration agreement itself. Currently before the court is a motion to dismiss this case on non-justiciability grounds. Issues regarding enforcement of the agreement's are more properly addressed on a motion for summary judgement. Therefore, the court declines to discuss this issue at this time.

## Conclusion

For the foregoing reasons, the motion of CD Group to intervene is due to be denied. The defendant's motion to dismiss is also due to be denied.

---

[5]The defendant presented this argument to the court in an amendment to its motion to dismiss filed on September 27, 1999.

Dated: __Oct, 20__, 1999

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
    M. Christian King
    William H. Brooks
    Keith A. Brown
    Stephen James Baity
    David S. Hassinger
    W. Lee Pittman
    J. Chris Cochran
    David Wooten Proctor
    David T. Payne